FILED IN DISTRICT COURT
CREEK COUNTY SAPULPA OK

JUL 27 2020 9:30

TIME _____
Amanda VanOrsdol, COURT CLERK

IN THE DISTRICT COURT OF CREEK COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| JOSIAH STUTZMAN, an Individual )<br><br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE, an Individual; )<br>DYLAN'S EQUIPMENT LEASE, )<br>L.L.C., a Foreign Limited Liability )<br>Company; PROGRESSIVE CARRIERS )<br>CO., a Foreign For-Profit Corporation; and )<br>DANKER TRUCKING, INC., a Domestic )<br>For-Profit Corporation )<br>)<br>Defendants. ) | Case No. CJ 2020-183<br><br>LAWRENCE PARISH |

## PETITION

The Plaintiff, Josiah Stutzman, alleges and states as follows:

1. This is an action by Plaintiff to recover actual damages, and punitive damages, as a result of Defendants' negligence and/or reckless disregard in connection with a crash that occurred in Creek County, State of Oklahoma.

2. On July 30, 2019, Plaintiff was traveling westbound on Interstate 44 in Creek County, Oklahoma when Defendant John Doe entered his lane of travel and crashed into his vehicle.

3. Immediately thereafter, Defendant John Doe fled the scene of the crash.

4. As a direct and proximate result of the crash, Plaintiff sustained injuries.

5. As a direct and proximate result of the crash, Plaintiff sustained property damages.

6. Plaintiff may be entitled to treble damages pursuant to 47 O.S. § 1506(C).

7. At all relevant times, the vehicle operated by Defendant John Doe was a "commercial motor vehicle" as that term is defined by 49 C.F.R. § 390.5.

8. At the time of the crash, Defendant John Doe had a duty to exercise reasonable care in the operation of the motor vehicle, a duty to operate the vehicle in a careful, prudent and lawful manner, a duty to devote his full time and attention to driving, a duty to exercise ordinary care in keeping a lookout consistent with the safety of other vehicles, a duty to use ordinary care to prevent injury to other persons, a duty to avoid colliding with other vehicles on the roadway, a duty to control and drive the motor vehicle so as to enable him to stop and/or avoid causing injury, and a duty to operate and control the vehicle in a reasonable and proper manner, and at a reasonable and proper speed, for the conditions.

9. On July 30, 2019, Defendant John Doe failed to exercise reasonable care in the operation of the motor vehicle, failed to operate the vehicle in a careful, prudent and lawful manner, failed to devote his full time and attention to driving, failed to maintain a proper lookout, failed to keep the vehicle under proper control, failed to maintain an awareness of the road and the traffic upon it, failed to drive as a reasonable commercial motor vehicle driver would in similar circumstances, and failed to exercise ordinary care in causing the tractor-trailer to collide with other vehicles on the roadway.

10. Further, Defendant John Doe chose to drive with reckless disregard to the rights of others by choosing to take his attention off of the roadway, by choosing to change lanes when he knew or should have known it was unsafe to do so, by choosing to drive distracted, and/or by intentionally colliding with other vehicles on the roadway.

11. As a result of Defendant John Doe's negligence and/or reckless disregard, Plaintiff sustained actual damages in an amount not yet determined but may be in excess of $75,000.00.

12. Defendant John Doe was negligent *per se* in violating particular Oklahoma vehicle and traffic laws and regulations, including but not limited to 47 O.S. §§ 10-102, 10-103, 10-104, 11-102, 11-303(1), 11-303(3), 11-309(2), 11-604(A), 11-901, and 11-901b.

13. At all relevant times, Defendant John Doe was subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390.1-396.25, as adopted by the State of Oklahoma pursuant to OAC Title 595 Chapter 35 §§ 1-4.

14. Defendant John Doe was negligent *per se* in violating particular Federal Motor Carrier Safety Regulations, including but not limited to 49 C.F.R § 392.2.

15. Defendant John Doe's violation of Oklahoma vehicle and traffic laws and regulations proximately and directly caused the injuries and damages suffered by Plaintiff.

16. The foregoing acts and/or omissions of Defendant John Doe, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

17. In the event a jury determines Defendant John Doe acted with reckless disregard, Plaintiff may be entitled to punitive damages in an amount not yet determined but may be in excess of $75,000.00.

18. Upon information and belief, at all times pertinent hereto, Defendant John Doe was hauling a trailer leased and/or owned by Defendant Dylan's Equipment Lease, L.L.C. (hereinafter referred to as "Defendant Dylan's Equipment").

19. Defendant Dylan's Equipment, as owner or exclusive controller of the trailer, had a duty to use ordinary care to avoid lending and/or providing a trailer to Defendant John Doe whom it knew, or reasonably should have known, was careless, reckless, and/or incompetent to drive.

20. Defendant Dylan's Equipment is liable for negligently entrusting the trailer to Defendant John Doe.

21. As a result of Defendant Dylan's Equipment's negligence and/or reckless disregard, Plaintiff sustained actual damages in an amount not yet determined but may be in excess of $75,000.00.

22. The foregoing acts and/or omissions of Defendant Dylan's Equipment, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

23. Upon information and belief, at all times pertinent hereto, Defendant John Doe was operating a tractor-trailer leased and/or owned by Defendant Progressive Carriers Co. (hereinafter referred to as "Defendant Progressive Carriers").

24. Defendant Progressive Carriers, as owner or exclusive controller of the tractor-trailer, had a duty to use ordinary care to avoid lending and/or providing a tractor-trailer to Defendant John Doe whom it knew, or reasonably should have known, was careless, reckless, and/or incompetent to drive.

25. Defendant Progressive Carriers is liable for negligently entrusting the tractor-trailer to Defendant John Doe.

26. Defendant Progressive Carriers was negligent *per se* in negligently entrusting the tractor-trailer to Defendant John Doe pursuant to 47 O.S. § 6-307.

27. Defendant Progressive Carriers is liable for the negligence of Defendant John Doe pursuant to 47 O.S. § 8-102(c).

28. Upon information and belief, at all times relevant hereto, Defendant John Doe was an employee or agent of Defendant Progressive Carriers, and was acting either in the scope and course of his employment with Defendant Progressive Carriers, or as an agent of or on behalf of Defendant Progressive Carriers.

29. Defendant Progressive Carriers is vicariously liable for the negligence of Defendant John Doe by virtue of *respondeat superior*.

30. Defendant Progressive Carriers owed the general public, including the Plaintiff, a duty to determine the qualifications of its employees including, but not limited to, (a) adequately evaluating applicants before hiring them as drivers/employees, (b) adequately training and supervising these drivers/employees, and (c) adequately evaluating these drivers/employees' job performance so as to discharge any incompetent or negligent driver/employee before he injured the public.

31. Defendant Progressive Carriers was negligent in qualifying, hiring, retaining, training and supervising Defendant John Doe, whom it knew or reasonably should have known was not competent and/or properly trained to drive the commercial motor vehicle and/or had a history of driving in a careless, reckless and/or unlawful manner.

32. As a result of Defendant Progressive Carrier's negligence and/or reckless disregard, Plaintiff sustained actual damages in an amount not yet determined but may be in excess of $75,000.00.

33. The foregoing acts and/or omissions of Defendant Progressive Carriers, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

34. In the event a jury determines Defendant Progressive Carriers acted with reckless disregard, Plaintiff may be entitled to punitive damages in an amount not yet determined but may be in excess of $75,000.00.

35. Upon information and belief, at all times pertinent hereto, Defendant John Doe was operating a tractor-trailer leased and/or owned by Danker Trucking, Inc. (hereinafter referred to as "Defendant Danker Trucking").

36. Defendant Danker Trucking, as owner or exclusive controller of the tractor-trailer, had a duty to use ordinary care to avoid lending and/or providing a tractor-trailer to Defendant John Doe whom it knew, or reasonably should have known, was careless, reckless, and/or incompetent to drive.

37. Defendant Danker Trucking is liable for negligently entrusting the tractor-trailer to Defendant John Doe.

38. Defendant Danker Trucking was negligent *per se* in negligently entrusting the tractor-trailer to Defendant John Doe pursuant to 47 O.S. § 6-307.

39. Defendant Danker Trucking is liable for the negligence of Defendant John Doe pursuant to 47 O.S. § 8-102(c).

40. Upon information and belief, at all times relevant hereto, Defendant John Doe was an employee or agent of Defendant Danker Trucking, and was acting either in the scope and course of his employment with Defendant Danker Trucking, or as an agent of or on behalf of Defendant Danker Trucking.

41. Defendant Danker Trucking is vicariously liable for the negligence of Defendant John Doe by virtue of *respondeat superior*.

42. Defendant Danker Trucking owed the general public, including the Plaintiff, a duty to determine the qualifications of its employees including, but not limited to, (a) adequately evaluating applicants before hiring them as drivers/employees, (b) adequately training and supervising these drivers/employees, and (c) adequately evaluating these drivers/employees' job performance so as to discharge any incompetent or negligent driver/employee before he injured the public.

43. Defendant Danker Trucking was negligent in qualifying, hiring, retaining, training and supervising Defendant John Doe, whom it knew or reasonably should have known was not competent and/or properly trained to drive the commercial motor vehicle and/or had a history of driving in a careless, reckless and/or unlawful manner.

44. As a result of Defendant Danker Trucking's negligence and/or reckless disregard, Plaintiff sustained actual damages in an amount not yet determined but may be in excess of $75,000.00.

45. The foregoing acts and/or omissions of Defendant Danker Trucking, whether singularly or in combination, were the direct and proximate cause of the damages sustained by Plaintiff. These damages include, but are not limited to, all allowable damages permitted under the law.

46. In the event a jury determines Defendant Danker Trucking acted with reckless disregard, Plaintiff may be entitled to punitive damages in an amount not yet determined but may be in excess of $75,000.00.

47. Defendants' actions individually and/or vicariously constitute a reckless, willful and wanton conduct that created an unreasonably dangerous condition without regard to the safety

of the public and specifically to Plaintiff. Such conduct was contumacious to the laws of the State of Oklahoma and warrants punitive damages.

WHEREFORE, Plaintiff requests that he be granted judgment against each Defendant for actual damages in an amount not yet determined, but may be in excess of $75,000.00, punitive damages in an amount not yet determined, but may be in excess of $75,000.00, attorney's fees and costs, and interest herein incurred and expended.

This 22nd day of July, 2020.

Respectfully submitted,

Noble McIntyre, OBA #16359
Jeremy Thurman, OBA #19586
Jordan Klingler, OBA #31233
Monica Schweighart, OBA #32815
Abby Herren, OBA #33528
MCINTYRE LAW, P.C.
8601 S. Western Avenue
Oklahoma City, OK  73139
T: (405) 917-5250
F: (405) 917-5405
jeremy@mcintyrelaw.com

**ATTORNEYS FOR PLAINTIFF**

**ATTORNEYS' LIEN CLAIMED**